IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROZALYNNE ECHOLS, on her
own behalf and others similarly
situated,

         Plaintiff,

                                  CASE NO.:

vs.

CITY OF ATLANTA, GEORGIA,
a municipal corporation,

         Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROZALYNNE ECHOLS ("Plaintiff"), on her own behalf and on

behalf of those similarly situated, through undersigned counsel, files this

Complaint against Defendant, the CITY OF ATLANTA GEORGIA, a municipal

corporation, and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as this is a claim for Unpaid Wages

under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA")

to recover unpaid back wages, overtime wages, an additional equal amount in

liquidated damages, front pay, compensatory damages and punitive damages; to

obtain declaratory relief; and to recover reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a).

## PARTIES

3.     At all times material to this action, Plaintiff was, and continues to be, a resident of Fulton County, Georgia.

4.     At all times material to this action, the CITY OF ATLANTA GEORGIA was, and continues to be, a municipal corporation. Further, at all times material hereto, the CITY OF ATLANTA GEORGIA was and continues to be engaged in a business in Fulton County, Georgia.  Service of process is proper on CITY OF ATLANTA GEORGIA by serving Mayor Kasim Reed at 55 Trinity Ave SW, Suite #2500, Atlanta, GA 30303.

5.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of  §6 and §7 of the FLSA.

6.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7.     At all times material to this action, Defendant was Plaintiff's "employers" within the meaning of the FLSA.

8.   Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

9.   At all times material to this action, Defendant the CITY OF ATLANTA GEORGIA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.   Based upon information and belief, the annual gross revenue of Defendant the CITY OF ATLANTA GEORGIA was in excess of $500,000.00 per annum during the relevant time periods.

11.   At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working materials that had been moved in or produced for commerce.

12.   At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

13.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14.   On or about September 2011, Defendant hired Plaintiff to work as a non-exempt hourly-paid "City Council Assistant."

15.   Plaintiff's job duties included, but were not limited to answering

phone calls, scheduling meetings, and events.

16.    At various material times, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

17.    From at least September 2011, and continuing through June 2012, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

18.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

19.    The additional persons who may become plaintiffs in this action also "worked" for Defendant, held similar positions to Plaintiff, and worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a workweek.

20.    Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

21.    Defendant has violated Title 29 U.S.C. §207 from at least September 2011 continuing through June 2012, in that:

a.    Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendant;

b.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c.    Defendant has failed to maintain proper time records as mandated by the FLSA;

22.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

23.    Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

24.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25.    Plaintiff re-alleges paragraphs 1 through 24 of the Complaint, as if

fully set forth herein.

26.     From at least September 2011, and continuing through June 2012, Plaintiff ECHOLS worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

28.     At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

29.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

30.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time

worked over forty (40) hours per workweek, plus liquidated damages.

32.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

33.    Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff, and those similarly situated to them, proper overtime wages at time and one-half of her regular rate of pay for such hours.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLARATORY RELIEF

35.    Plaintiff re-alleges all allegations contained within Paragraphs 1-24 above.

36.    Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

37.    The Court also has jurisdiction to hear Plaintiff's requests for

declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

38.     Plaintiff may obtain declaratory relief.

39.     Defendant the CITY OF ATLANTA, GEORGIA was Plaintiff's employer.

40.     Plaintiff was individually covered by the FLSA.

41.     Plaintiff was entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

42.     Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

43.     Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

44.     Plaintiff is entitled to an equal amount of liquidated damages.

45.     It is in the public interest to have these declarations of rights recorded.

46.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

47.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a.   Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.   Awarding Plaintiff overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   Awarding Plaintiff pre-judgment interest;

f.   Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues as triable as a matter of right by jury.

Dated: this _____ day of April, 2013.

Respectfully Submitted,

_____
Madeleine N. Peake, Esquire
GA Bar No.: 822807
MORGAN & MORGAN, P.A.
191 Peachtree Street, NE
42nd Floor
Atlanta, Georgia 30303
Tel: (404) 965.8811
Fax: (404) 965.8812
E-mail: mpeake@forthepeople.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2013, I electronically filed Plaintiff ROZALYNNE ECHOLS' Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

No other attorneys of record yet.


Additionally, I hereby certify that a true and correct copy of Plaintiff ROZALYNNE ECHOLS' Complaint was delivered for service with the Summons.


/s/ Madeleine N. Peake
Madeleine N. Peake
Georgia Bar No. 822807
Attorney for Plaintiff

**Morgan & Morgan, P.A.**
191 Peachtree Street, Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343
Telephone: 404.965.8811
Facsimile: 404.965.8812
mpeake@forthepeople.com