IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROZALYNNE ECHOLS,  :
    Plaintiff,  :
                          :     CIVIL ACTION NO.
    v.  :     1:13-CV-1137-WBH
                          :
CITY OF ATLANTA,  :
    Defendant.  :

## ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss. [Doc. 10]. In her complaint, Plaintiff raises two counts for recovery under the Fair Labor Standards Act, claiming that she was an hourly employee entitled to recover overtime pay that Defendant did not pay her. In its motion, Defendant correctly points out that under 29 U.S.C. § 203(e)(2)(C)(ii)(V), Plaintiff is not covered by the FLSA. As such, Defendant's motion must be granted.

Under § 203(e)(2)(C)(ii)(V), individuals who work for the legislative branch of a state or the political subdivision of a state and who are not subject to civil service laws are not employees for the purposes of the FLSA. Ellington v. City of East Cleveland, 689 F.3d 549, 553-54 (6th Cir. 2012) (city council employee exempt under § 203(e)(2)(C)(ii)(V)). It is undisputed that Plaintiff was employed as a City Council Assistant for the Defendant City of Atlanta and that she was not covered by the civil service laws. As such, the exclusion applies to Plaintiff.

AO 72A
(Rev.8/82)

Responding to Plaintiff's arguments, this Court points out that Plaintiff is incorrect in asserting that citation to local ordinances is beyond the scope of a motion to dismiss. This Court is free to take judicial notice of any public record when considering a motion to dismiss. Universal Express, Inc. v. United States S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006).

Further, while some courts have held that, *generally*, an FLSA exemption is an affirmative defense that should be determined on summary judgment, the issue "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998), cert denied 525 U.S. 1103 (1999). Here, Plaintiff states in her complaint that she was employed by the City of Atlanta as a City Council Assistant. As noted above, this Court takes judicial notice of the code of city ordinances that demonstrate that Plaintiff was not subject to civil service laws. As a result, this Court concludes that, in this instance, the FLSA exemption is properly considered at the motion to dismiss stage.

Finally, while very few courts have discussed the issue in published opinions, those that have agree that a city council is a legislative body of a political subdivision of a state such that § 203(e)(2)(C)(ii)(V) applies to exempt city council employees from FLSA coverage. E.g., Ellington, 689 F.3d at 553-54; Lifrak v. New York City

2

Council, 389 F. Supp. 2d 500, 504 (S.D.N.Y. 2005). Indeed, the reason that the issue does not appear in the case law more frequently is likely a result of the fact that the statute so unambiguously excludes employees "in the legislative branch or legislative body of that State [or] political subdivision . . . of such State." § 203(e)(2)(C)(ii)(V). Plaintiff's interpretation of the exemption – that it applies only to employees of state legislatures – has the effect of reading "political subdivision" out of the statute which this Court may not do. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1173 (11th Cir. 2003)

In summary, this Court concludes that Defendant is correct and Plaintiff cannot assert an FLSA claim. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss, [Doc. 10], is **GRANTED,** Plaintiff's claims are **DISMISSED,** and this action is **CLOSED.** Defendant's motion to stay, [Doc. 21], is **DENIED** as moot.

**IT IS SO ORDERED,** this _29_ day of _July_____ , 2013.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)